IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH J. SKINKIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-5078-SSA-CV-SW-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Joseph Skinkis seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* He claims he became disabled beginning on July 11, 2001, due to a variety of conditions. The parties' briefs were fully submitted, and on March 20, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Joseph Skinkis was born in 1974 and has an eleventh-grade education. He has a very limited and sporadic work history as a limestone finisher, fast food worker and automobile servicer. He is married and has two children. He says he has back pain, is unable to sleep and suffers from several conditions which prevent him from working, including brittle bone disease.

The Administrative Law Judge (ALJ) found Skinkis had the severe impairments of osteogenesis imperfecta, lumbosacral degenerative disc disease, cervical degenerative disc

disease, and hip and knee degenerative joint disease.  Additionally, he found plaintiff had the nonsevere conditions of alcohol abuse, depression, atrial septal defect, and obesity.

After considering the evidence of record, the ALJ found claimant had a degree of back pain and must avoid extreme vibration, but retained the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, to stand and/or walk six hours per day and 30 minutes without rest, to sit at least six hours per day, and to push and/or pull within the limits for lifting and carrying.  Due to limited mobility, knee degenerative joint disease and limited range of motion of the spine, he should only stoop, crouch and squat occasionally.  He should avoid kneeling, crawling, climbing, balancing and exposure to unprotected heights and hazards.  Even with those restrictions, the ALJ ultimately found Skinkis had the residual functional capacity to engage in a significant range of sedentary, unskilled work such as a general assembler or circuit board screener.

In this request for judicial review, claimant asserts the ALJ erred in making his credibility determination and in the weight given to the opinions of the physicians.

The ALJ found claimant's impairments could reasonably be expected to produce the alleged symptoms[2], but that his statements concerning the intensity, duration and limiting effects of the symptoms were not entirely credible.  The ALJ noted there was a lack of objective evidence to support the severity of Skinkis' claimed symptoms; the opinion that claimant had a good prognosis with medication and appropriate diet, exercise and personal habits; and the lack of aggressive medical treatment or other indications of a deteriorating condition from lack of movement.

"Where adequately explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).  Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605.

---

[2]Plaintiff claims chronic, incapacitating back pain, inability to sit still, inability to sleep, inability to walk or stand for any extended time and an inability to lift or carry heavy items.

3

This court may not make a de novo review of the evidence, but must determine whether there is substantial evidence to support the decision made by the ALJ. When the record is considered as a whole, there is substantial evidence to indicate Skinkis has impairments and pain, but also substantial evidence to support the ALJ's finding that Skinkis' impairments are not as incapacitating as he claims. Thus, the court does not find the ALJ erred.

Skinkis also asserts the ALJ gave improper weight to the opinions of the physicians in this case. The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). Here, the ALJ evaluated the objective and clinical evidence supporting the opinions of the various treating, examining and consulting physicians and gave reasons for crediting or discrediting those opinions. When there are conflicting opinions or evidence in the record, the ALJ's determination that some of those opinions are not supported by objective medical evidence is not an error. See Travis v. Astrue, No. 06-2142, slip op (8th Cir. Feb. 28, 2007).

This court cannot say how it would have decided this case de novo, and acknowledges that claimant's medical history indicates he has pain. The issue, however, is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Given the record in this case, the court does not find the ALJ erred. The findings are supported by substantial evidence on the record as a whole. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 27th day of March, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4